## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **GOVERNMENT ACCOUNTABILITY PROJECT**,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**U.S. DEPARTMENT OF TREASURY**,<br><br>　　　　　Defendant. | Civil Action No. 20-cv-2138 (TSC) |

## <u>MEMORANDUM OPINION</u>

Plaintiff Government Accountability Project ("GAP") brought this action against the U.S. Department of Treasury ("Treasury") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. GAP seeks to compel Treasury's disclosure of the Office of Foreign Asset Controls ("OFAC") application and license for Delta Crescent Petroleum ("Delta Crescent"). Treasury produced certain records, but withheld pages or redacted information pursuant to FOIA Exemptions 4 and 6. The parties now cross-move for summary judgment as to the application of Exemption 4. Because there remains a material dispute as to whether the withheld information is confidential, the court will DENY without prejudice Defendant's Motion for Summary Judgment, ECF No. 27, and Plaintiff's Cross-Motion for Summary Judgment, ECF No. 29.

## I.      BACKGROUND

In 2014, OFAC imposed sanctions on United States individuals or companies who engaged in transactions for Syrian oil without a license. Pl.'s Mem. of L. in Supp. of Cross-Mot. for Summ. J. and Opp'n at 2, ECF No. 29-1 ("Pl.'s Cross-MSJ"). Delta Crescent obtained an OFAC license in April 2020. *Id.* In June 2020, GAP submitted a FOIA request to Treasury for "[a] copy of the

OFAC application and license for Delta Crescent Petroleum" and all related documents. Def.'s Mem. of L. in Supp. of Mot. for Summ. J. at 1, ECF No. 27-1 ("Def.'s MSJ"). Treasury did not respond to the request within FOIA's statutory time limit, so GAP brought this action to compel disclosure. Pl.'s Cross-MSJ at 2.

Treasury referred GAP's FOIA request to OFAC and OFAC's Assistant Director of Information Disclosure and Records Management, Marshall Fields, determined that OFAC's Licensing Division would likely maintain the requested records. Decl. of Marshall H. Fields, Jr. ("Fields Decl.") ¶¶ 1, 10–13, ECF No. 27-9. OFAC's Licensing Division provided 134 pages of responsive records to OFAC's FOIA Office for processing. *Id.* ¶¶ 16–19, 24. Pursuant to Treasury's own FOIA regulations, OFAC notified Delta Crescent that information it had submitted was subject to a FOIA request and that Delta Crescent could object to disclosure. *See* Def.'s MSJ at 1–2; 31 C.F.R. §§ 1.5(b), (d). Delta Crescent responded with justifications for withholding specific records and proposed redactions. Fields Decl. ¶ 21.

On December 9, 2020, Treasury produced responsive records to GAP. *Id.* ¶ 23–24. Of the 134 pages of responsive records, Treasury released 20 pages in full, released 16 pages with redactions pursuant to Exemptions 4 and 6, and withheld 98 pages in full pursuant to Exemptions 4 and 6. *Id.* ¶ 24. Treasury submitted a *Vaughn* index, *see generally* Def.'s MSJ Ex. G, ECF No. 27-8 ("*Vaughn* Index"), and a Declaration from Marshall Fields to justify the withholdings, *see generally* Fields Decl. GAP and Treasury cross-move for summary judgment as to the application of Exemption 4.

## II.    LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989,

991 (D.C. Cir. 2002) (citation omitted). A factual dispute is "material" if the facts involved "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "dispute about a material fact is 'genuine'. . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Courts "must view all facts, and draw all reasonable inferences, in the light most favorable to the party opposing the motion." *Lane v. District of Columbia*, 887 F.3d 480, 487 (D.C. Cir. 2018) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

"FOIA cases are typically and appropriately decided on motions for summary judgment." *Calderon v. U.S. Dep't of Agric.*, 236 F. Supp. 3d 96, 107 (D.D.C. 2017) (citing *Brayton v. Off. of the U.S. Trade Rep.*, 641 F. 3d 521, 527 (D.C. Cir. 2011)). "FOIA provides a 'statutory right of public access to documents and records' held by federal government agencies.'" *Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Just.*, 602 F. Supp. 2d 121, 123 (D.D.C. 2009) (quoting *Pratt v. Webster*, 673 F.2d 408, 413 (D.C. Cir. 1982)). Federal agencies must comply with requests to make records available to the public, unless such "information is exempted under [one of nine] clearly delineated statutory [exemptions]." *Id.* (internal quotation marks omitted); *see also* 5 U.S.C. §§ 552(a)–(b). If an agency invokes a FOIA exemption to withhold information, it bears the burden of showing that the withheld material fits within the exemption. *Watkins L. & Advoc., PLLC v. U.S. Dep't of Just.*, 78 F.4th 436, 451 (D.C. Cir. 2023) (citing *Reps. Comm. for Freedom of the Press v. FBI*, 3 F.4th 350, 357, 361 (D.C. Cir. 2021)). Agencies may rely on supporting declarations that are reasonably detailed and non-conclusory and a *Vaughn* index to carry that burden. *See id.* (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)); *Calderon*, 236 F. Supp. 3d at 107 (citation omitted). The "justification for invoking a FOIA exemption is sufficient if it

appears 'logical' or 'plausible.'"  *Wolf v. CIA*, 473 F.3d 370, 374–75 (D.C. Cir. 2007) (quoting

*Gardels v. CIA*, 689 F.2d 1100, 1105 (D.C. Cir. 1982)).

### III.    ANALYSIS

Exemption 4 shields from disclosure "trade secrets and commercial or financial

information obtained from a person and privileged or confidential."  5 U.S.C. § 552(b)(4).  To

withhold or redact information under Exemption 4, the agency "must demonstrate that the withheld

information is '(1) commercial or financial, (2) obtained from a person, and (3) privileged or

confidential.'"  *Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Just.*, 58 F.4th 1255, 1262

(D.C. Cir. 2023) (quoting *Pub. Citizen Health Rsch. Grp. v. FDA*, 704 F.2d 1280, 1290 (D.C. Cir.

1983)).  The agency must also establish foreseeable harm from disclosure and must release all

reasonably segregable non-exempt information.  5 U.S.C. § 552(a)(8)(A).  The parties here

disagree on two points: (1) whether the redacted information is confidential, and (2) whether

disclosure would result in foreseeable harm.

For purposes of Exemption 4, confidential information must be "customarily kept private,

or at least closely held, by the person imparting it."  *Food Mktg. Inst. v. Argus Leader Media*, 588

U.S. 427, 434 (2019) (citations omitted).  Courts assess "how the particular party customarily treats

the information, not how the industry as a whole treats the information."  *Ctr. for Inquiry, Inc. v.*

*Dep't of Health and Hum. Servs.*, 723 F. Supp. 3d 47, 61 (D.D.C. 2024) (quoting *Ctr. for Auto*

*Safety v. Nat'l Highway Traffic Safety Admin.*, 244 F.3d 144, 148 (D.C. Cir. 2001)).  The

submitting entity must actually treat the information as confidential, meaning it is not shared

freely, customarily disclosed, or made publicly available.  *See Argus Leader*, 588 U.S. at 434.  The

agency "bears the burden of proving the information is confidential."  *Ctr. for Auto Safety*, 244

F.3d at 148 (citing *Critical Mass Energy Project v. Nuclear Regul. Comm'n.*, 975 F.2d 871, 879

(D.C. Cir. 1992)).  To satisfy that burden, the agency may "proceed solely on its sworn affidavits,"

which must be "made on personal knowledge." *Ctr. for Inquiry*, 723 F. Supp. 3d at 61 (quoting *Jud. Watch, Inc. v. U.S. Dep't of Com.*, 337 F. Supp. 2d 146, 171 (D.D.C. 2004)). Conclusory statements reflecting an agency official's belief about how a submitter customarily treats the information are insufficient. *Id.* at 62.

GAP argues that Treasury "has not met its burden" because its declarations rely primarily on inadmissible hearsay. Pl.'s Cross-MSJ at 9–10. The court agrees.

Hearsay is acceptable for certain purposes in FOIA cases. *Humane Soc'y of U.S. v. Animal & Plant Health Inspection Serv.*, 386 F. Supp. 3d 34, 44 (D.D.C. 2019). Courts may consider hearsay "when assessing the adequacy of the agency's search," and agency declarations may contain information obtained in the course of the declarants' official duties, such as knowledge acquired from review of agency records or relayed by other agency personnel. *Id.*; *Ecological Rts. Found. v. EPA*, 541 F. Supp. 3d 34, 50 (D.D.C. 2021) (Agency declarations may include "all information obtained by a declarant in the course of official duties, whether through conversation with other agency employees or review of documents." (citation omitted)); *Akel v. U.S. Dep't of Just.*, 578 F. Supp. 3d 88, 100 (D.D.C. 2021) ("[H]earsay is acceptable for FOIA affidavits" and "there is no need for the agency to supply affidavits from each individual who participated in the actual search . . . so long as the declarant attests to his personal knowledge of the procedures used in handling the request and his familiarity with the documents in question" (internal quotation marks and citations omitted).). But courts have "rejected as impermissible hearsay an agency's invocation of FOIA exceptions reliant on out-of-court statements by private third parties." *Ecological Rts. Found*, 541 F. Supp. 3d at 49 (collecting cases); *see also Pub. Citizen Health Rsch. Grp. v. Nat'l Inst. of Health*, 209 F. Supp. 2d 37, 48 n.7 (D.D.C. 2002) (refusing to consider letters from third parties "submitted by Defendant . . . [d]ue to hearsay concerns"); *Humane Soc'y of U.S.*

*v. U.S. Fish & Wildlife Serv.*, No. 16-cv-720-TJK, 2021 WL 1197726, *4 (D.D.C. Mar. 29, 2021) ("[T]he objections the [agency] submitted were not notarized and were not made under the penalty of perjury, thereby constituting inadmissible hearsay.").

For the most part, Treasury's declaration contains the kind of testimony "routinely considered when evaluating an agency's invocation of FOIA exemptions." *Ecological Rts. Found*, 541 F. Supp. 3d at 50. Fields obtained the information regarding OFAC's search for records, Fields Decl. ¶¶ 11–16, Treasury's practices and procedures for communicating with third-party submitters, *id.* ¶¶ 19–22, and the types of records redacted or withheld, *id.* ¶¶ 30, 35, in the course of his official duties or from review of agency records, *Ecological Rts. Found*, 541 F. Supp. 3d at 50. Such statements may appropriately by considered. The problem is that those statements cannot carry Treasury's burden of proving that the withheld and redacted information is confidential. For that, Defendant largely relies on Delta Crescents' statements and submissions. Fields Decl. ¶¶ 21, 28, 31. For instance, in determining whether the documents contained privileged and/or confidential information, Defendant "considered the arguments made [Delta Crescent] pursuant to the submitter notice process," Fields Decl. ¶ 28, and made redactions "in keeping with [Delta Crescent's] explicit representation that . . . such commercial information [was] confidential and not ordinarily disclosed to the public," *id.* ¶ 31. Defendant's "second-hand," "summary accounts" of Delta Crescent's statements constitute inadmissible hearsay, which the court will not consider. *Humane Soc'y,* 386 F. Supp. 3d at 44; *see, e.g, Humane Soc'y*, 2021 WL 1197726, at *4 ("[T]he objections the [agency] submitted were not notarized and were not made under the penalty of perjury, thereby constituting inadmissible hearsay."); *Leopold v. U.S. Dep't of Just.*, No. 19-cv-3192-RC, 2021 WL 124489, at *5–6 & n.7 (D.D.C. Jan. 13, 2021) ("[P]ortions of the declarations that merely quote from the letters . . . are inadmissible.").

Without the hearsay, Treasury fails to justify withholding the information.  To succeed, it must demonstrate that the *particular party*—Delta Crescent—customarily and actually treats the *particular information* subject to the FOIA request as private.  *Renewable Fuels Assoc. v. EPA*, 519 F. Supp. 3d 1, 10–11 (D.D.C. 2021).  But Treasury provides no information about Delta Crescent's particular practices.   Its general statements regarding typical OFAC license applications, applicants, and/or licenses are unhelpful.  *See id*. at 11.  That other recipients "may" keep the information contained in license applications and licenses confidential does not reveal whether Delta Crescent actually kept "license # SY-2019-3631301" information confidential. Fields Decl. ¶¶ 9a, 30.  Even considering solely the existence of Delta Crescent's objections, and not the truth of any statements contained therein, that "says nothing about whether [Delta Crescent] customarily and actually treats the information as private." *Humane Soc'y*, 2021 WL 1197726, at *4.  As to other indications of confidentiality, although Treasury appropriately assessed whether OFAC made any express or implied assurances of confidentiality and conducted independent open-source research to determine whether the information is publicly available, it did not disclose the results of those efforts.  Fields Decl. ¶28.  Treasury may have identified express or implied assurances and verified that the redacted information is not publicly available, but the court cannot jump to such conclusions.  Finally, even if the court could consider the hearsay, the vague and conclusory statements would be insufficient.  *See Vaughn* Index at 1 ("This is information that is normally kept confidential by the company and is not shared publicly."); Fields Decl. ¶ 31 (relying on "the Submitter's explicit representation" that the information was "confidential and not ordinarily disclosed to the public").  To determine whether Delta Crescent's application and license information is "customarily and actually treated as private," the court needs more information.  *See Renewable Fuels*, 519 F. Supp. 3d at 10–11.

Treasury's sparse evidence is particularly problematic because GAP argues that some withheld details are publicly available. Treasury redacted the expiration date of Delta Crescent's license and Delta Crescent's "contractual activities and transactions with third party suppliers" pursuant to Exemption 4. *Vaughn* Index at 1, 3. GAP claims that Delta Crescent "routinely gives this type of information to the media," pointing to articles that it alleges contain the license expiration date, quote from the license, and include details about Delta Crescent's relationships with third parties. Pl.'s Cross-MSJ at 2–3.[1] As the Supreme Court recently explained, "it is hard to see how information could be deemed confidential if its owner shares it freely." *Argus Leader*, 588 U.S. at 434.

The court cannot rule for GAP, however, because some evidence in the record supports Treasury. Certain documents contain "confidential markings on the documents themselves" and language about implied assurances of confidentiality. *Ctr. for Investigative Rep.*, 436 F. Supp. 3d at 110–11. A letter from Delta Crescent to OFAC has the denotation "FOIA Exempt: Business Confidential and Proprietary" and a footnote stating that Delta Crescent understands that it "will receive written notice of any [FOIA] request . . . and an opportunity to object or otherwise respond." Pl.'s Cross-MSJ – Ex. A at 11, ECF No. 29-2; *see also* Def.'s Reply at 11.

Based on the information in the record, there is a material dispute as to whether the withheld material is confidential. To prevail on this issue, Treasury must provide significantly

---

[1] Defendant argues that the articles Plaintiff cites are inadmissible hearsay. Def.'s Reply and Opp'n at 7, ECF No. 31 ("Def.'s Reply"). The court may take judicial notice of news articles for their existence, but not for the truth of the statements asserted therein. *See, e.g.*, *Hourani v. Psybersolutions*, 164 F. Supp. 3d 128, 132 n.1 (D.D.C. 2016). Consequently, the court does not consider whether the articles in fact contain Delta Crescent's information. It merely notes that Plaintiff alleges the withheld information is publicly available and Treasury fails to present sufficient evidence to the contrary.

more detail about how Delta Crescent customarily treats the information.[2]  Because it is unclear whether the information is confidential, the court is unable to determine at this juncture whether the alleged harms stemming from disclosure are reasonably foreseeable.  *See Ctr. for Inquiry*, 723 F. Supp. 3d at 64.

## IV.    CONCLUSION

For the foregoing reasons, the court will DENY without prejudice Defendant's Motion for Summary Judgment and DENY without prejudice Plaintiff's Cross-Motion for Summary Judgment.


Date: March 6, 2025

                                                    *Tanya S. Chutkan*
                                                    TANYA S. CHUTKAN
                                                    United States District Judge

---

[2] The Supreme Court recently identified a second possible factor that may bear on whether withheld information is confidential under Exemption 4—"information might be considered confidential only if the party receiving it provides some assurance that it will remain secret." *Argus Leader*, 588 U.S. at 434.  Neither the Supreme Court nor the D.C. Circuit have determined whether this condition is mandatory.  *Id.*; *Citizens for Resp. & Ethics in Wash.*, 58 F.4th at 1269.  Because the Government failed to satisfy the first condition, which is indisputably mandatory, the court need not address this factor further.